## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MONIQUE ROGERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:22-cv-113-TFM-C |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is *State Farm Fire and Casualty Company's Motion for Summary Judgment* and brief in support. Docs. 32, 33, both filed April 24, 2023. Having considered the motion and brief in support, response, reply, supplemental reply, and relevant law, the motion is **DENIED**.

### I.  JURISDICTION AND VENUE

No party contests jurisdiction or venue, and the Court finds adequate support for both.

The Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity). The Court has personal jurisdiction over the claims in this action because the events that gave rise to this action occurred within this district. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291-92 (11th Cir. 2000) ("Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint . . . . General personal jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. The due process requirements for general personal jurisdiction are more stringent than for specific personal jurisdiction, and require a

showing of continuous and systematic general business contacts between the defendant and the forum state.").

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to the claims in this matter occurred in this judicial district.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Factual Background

Plaintiff Monique Rogers ("Plaintiff") is the owner of residential property that is located at 7028 Colonnades Drive North, Mobile, Alabama 36693 ("the Property"), where she has resided with her mother since 2009.  Doc. 27 at 1; Doc. 37-1 at 17.

On September 16, 2020, the Property sustained damage as a result of Hurricane Sally ("the Loss").  Doc. 27 at 2; Doc. 37-1 at 40-67.  Plaintiff was at the Property during the hurricane.  Doc. 37-1 at 35-36.  Following the hurricane, Plaintiff observed damage to the exterior of the Property, including fallen shutters and downed stucco from the front of her home; missing shingles from, and electrical problems with, the gazebo; downed portions of the pool and perimeter fences; two fallen trees; and problems with the exterior kitchen.  Doc. 33-1 at 4-9.  As to the interior of the Property, Plaintiff observed damage to the ceiling, television, and carpet of her mother's bedroom, ceiling damage and water stains in the kitchen, hallway, hall bathroom, and foyer, foggy windows in the kitchen and dining room, and shifted crown molding.  *Id.* at 2-4.

At the time of the Loss, the Property was insured under a homeowner's policy that was issued by Defendant State Farm Fire and Casualty Company ("State Farm"), Policy No. 01-BB-P265-4.  Doc. 27 at 1-2, 4-5.  Plaintiff filed a claim with State Farm after the Loss.  *Id.* at 2.  State Farm prepared an estimate of damages to the Property that were covered by the policy and caused by the hurricane.  *Id.*  State Farm inspected the Property then prepared an estimate for the cost to

repair the damage to the Property that was caused by the hurricane. *Id.* The estimate included the cost of repairs for damage to the exterior of Plaintiff's home that consisted of tree and debris removal, removal and replacement of shingles on the gazebo, and removal and replacement of portions of the perimeter fence. Doc. 33-2. The estimate also included the cost of repairs for damage to the interior of Plaintiff's home in the office, master bedroom, master bathroom, hallway to master bedroom, entry/foyer, kitchen, brown bedroom, black bedroom, black bedroom bathroom, red bedroom, red bedroom bathroom, tan bedroom, tan bedroom bathroom, hall bath, hair room, blue room bathroom, garage, and praise room. *Id.* State Farm applied Plaintiff's policy deductible of $32,570 and remitted payment to her for the claim in the amount of $4,976.16. Doc. 27 at 2; Doc. 33-1 at 10; Doc. 37-6. Plaintiff testified she spent $131,173.96 on repair work for damage to the Property and seeks additional payment from State Farm in the amount of $95,274.68, which is the total amount that she paid for storm damage repairs less the policy deductible of $32,570.00 and State Farm's prior payment of $4,976.16. Doc. 27, at 4-5; Doc. 33-5 at 2, 4; Doc. 37-1 at 140-41, 143-44; Doc. 37-5; Doc. 37-6.

Plaintiff retained James Wright ("Wright"), a retired maintenance mechanic, to complete repairs on the Property. Doc. 33-4 at 22-23. Wright retained others to perform the repairs on the Property and did not perform any of the repairs himself but aided the work by collecting necessary supplies. *Id.* at 22-23.

Wright visited the Property approximately one week after Hurricane Sally. *Id.* at 7. During Wright's initial post-hurricane visit to the Property, he observed damage to certain parts of the Property's exterior, including portions of the perimeter fence, portions of the pool fence, shutters on the front of the home, rear gutters of the home, a downed tree, gazebo shingles, and stucco cracks on the front of the home. *Id.* at 8-10. As to the interior of the home, Wright observed water

stains on the foyer ceiling and Plaintiff's mother's bedroom ceiling and damage to a wall in a hallway between the kitchen and bedrooms on the right side of the home. *Id.* at 10-11. Prior to Wright's initial post-hurricane visit to the Property, he visited the Property "[p]robably a month, couple of months" before when he entered the foyer and kitchen. *Id.* at 7. Wright testified he believes the damage to the interior of the home was caused by roof leaks and based that opinion on the representations that were made by a representative from Alpine Roofing. Doc 33-4 at 16-17.

State Farm retained an engineer, Joe Asarisi ("Asarisi") of Asarisi & Associates, LLC ("A&A"), as its expert witness, who inspected the Property on January 23, 2023. Doc. 26; Doc. 33-6. Asarisi opined the damage to the Property that was caused by the hurricane was limited to portions of the wood perimeter fence, shingles on the gazebo, and drywall ceiling seams in the garage, which damage is included in State Farm's estimate of such. Doc. 33-6.

**B.     Procedural Background**

On February 7, 2022, Plaintiff originally filed with the Circuit Court of Mobile County, Alabama her complaint against Defendant in which she brings claims for breach of contract (Count 1) and bad faith (Count 2). Doc. 1-2 at 6-18. On March 10, 2022, Defendant filed its notice of removal with this Court based on the Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Doc. 1. On the same date, Defendant filed its answer to the complaint. Doc. 4.

On March 29, 2023, Plaintiff filed her first amended complaint that the Court construed as a motion for leave to file an amended complaint and ordered Defendant to show cause why the motion should not be granted. Docs. 27, 28. Defendant did not file a response to the show cause

order but filed its answer to the first amended complaint on April 6, 2023.[1]  Doc. 29.

On April 24, 2023, Defendant filed the instant motion for summary judgment and brief in support.  Docs. 32, 33.  Plaintiff and Defendant timely filed their respective response and reply.  Docs. 37, 38.  On July 27, 2023, Defendant filed its motion to supplemental its brief in support of its motion for summary judgment, which the Court granted, and Defendant filed its supplement on August 9, 2023.  Doc. 42, 44, 45.  The motion for summary judgment is fully briefed and ripe for review, and the Court finds oral argument unnecessary.

### III.   STANDARD OF REVIEW

A party in a lawsuit may move a court to enter summary judgment before trial.  FED. R. CIV. P. 56(a), (b).  Summary judgment is appropriate when the moving party establishes there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *see also Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) ("Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'").  "[T]he substantive law will identify which facts are material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also Ritchey v. S. Nuclear Operating Co.,* 423 F. App'x 955 (11th Cir. 2011) (quoting *Anderson*, 477

---

[1] Inasmuch as the construed motion for leave to file an amended complaint had not been formally ruled on, the motion (Doc. 27) is **GRANTED**, and the operative pleadings in this matter are Plaintiff's first amended complaint that was filed on March 29, 2023 (Doc. 27), and Defendant's answer to the first amended complaint that was filed on April 6, 2023 (Doc. 29).

U.S. at 248, 106 S. Ct. at 2510).[2]  At the summary judgment juncture, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511.  Only disputes about the material facts will preclude the granting of summary judgment.  *Id*.

The movant bears the initial burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1).  The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial.  *Clemons v. Dougherty County*, 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980)).

Once the movant meets its burden under Fed. R. Civ. P. 56, the non-movant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  "A genuine issue of material fact exists when 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Moore ex rel. Moore v. Reese*, 637 F.3d 1220, 1232 (11th Cir. 2011) (quoting *Anderson*, 477 U.S. at 248, 106 S. Ct. at

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

2510). The court must view the facts and draw all reasonable inferences in favor of the non-moving party. *Id*. (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)); *Greenberg*, 498 F.3d at 1265 ("We view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion."). However, to avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586, 106 S. Ct. at 1356 (citations omitted). Conclusory assertions, unsupported by specific facts, that are presented in affidavits opposing the motion for summary judgment are likewise insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed. 2d 695 (1990). "Speculation does not create a *genuine* issue of fact." *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1181 (11th Cir. 2005) (citation omitted). If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *See Anderson*, 477 U.S. at 249-50, 106 S. Ct. at 2511 (emphasis in original) (citations omitted). In short, summary judgment is proper after adequate time for discovery and upon motion against a party who fails to make a showing that is sufficient to establish the existence of an element that is essential to that party's case. *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

## IV.   DISCUSSION AND ANALYSIS

State Farm argues Plaintiff has not offered any admissible evidence of the cause of the damage to the Property or amount of damages thereto. Doc. 33 at 5-9. Specifically, State Farm argues Plaintiff has not offered evidence of (1) the extent of the damage that was caused by the hurricane, (2) the scope of the necessary repairs, or (3) the reasonable cost of the repairs. *Id.*

In response, Plaintiff argues expert testimony is not required to prove causation in an insurance coverage dispute and, in this case, causation can be proved based on her and Wright's

observations of damage. Doc. 37 at 5-7. As to the amount of damages, Plaintiff argues the amount that she spent to repair storm damage is a precise figure about which a jury would not need to speculate. *Id.* at 7-8.

"In this diversity action, Alabama's substantive law governs the interpretation of the [insurance contract] at issue." *Employers Mut. Cas. Co. v. Mallard*, 309 F.3d 1305, 1307 (11th Cir. 2002) (citing *Provau v. State Farm Mut. Auto. Ins. Co.*, 772 F.2d 817, 819 (11th Cir. 1985) (holding that, under *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), a federal court hearing a diversity action must apply the controlling substantive law of the state and that the construction of insurance contracts is governed by substantive state law); *SCI Liquidating Corp. v. Hartford Fire Ins.*, 181 F.3d 1210, 1214 (11th Cir. 1999)).

"Insurance policies are contracts, and 'like other cont[r]acts, [they are] governed by the general rules of contracts.'" *James River Ins. Co. v. Ultratec Special Effects Inc.*, 22 F.4th 1246, 1254 (11th Cir. 2022) [hereinafter *James River*] (quoting *Twin City Fire Ins. Co. v. Alfa Mut. Ins. Co.*, 817 So. 2d 687, 691 (Ala. 2001)). "Under Alabama law, the burden is on the insured to establish coverage exists under an insurance policy." *Mallard*, 309 F.3d at 1307 (citations omitted).

> The insurer has the burden of establishing that an exclusion excludes coverage for a claim. *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001). Exclusions must be interpreted "as narrowly as possible in order to provide maximum coverage for the insured, and must be construed most strongly against the company that drew the policy and issued it." *Nationwide Mut. Ins. Co. v. Thomas*, 103 So. 3d 795, 805 (Ala. 2012) (internal quotation marks omitted).

*James River*, 22 F.4th at 1254.

"To establish a breach-of-contract claim, a plaintiff must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Hooper v. Columbus Reg'l Healthcare Sys.*, 956

So. 2d 1135, 1139 (Ala. 2006) (internal quotation marks and citations omitted).

As to causation, State Farm argues the Eleventh Circuit has "repeatedly held that testimony as to causation and extent of damages to real property is not within the purview of a lay witness and must be established through expert testimony." Doc. 33 at 8. State Farm cites to *Nix v. State Farm Fire & Cas. Co.*, 444 F. App'x 388 (11th Cir. 2011), an appeal from a decision by the United States District Court for the Northern District of Alabama, to support its argument. In *Nix*, the Eleventh Circuit stated:

> The district court did not err by granting summary judgment in favor of State Farm because the uncontroverted evidence establishes that the Nixes' claim was excluded from coverage. State Farm introduced testimony from its expert witness, Mark Voll, that the retaining wall in the basement of the Nixes' home collapsed because the wall was not properly designed or built and collapsed from hydrostatic pressure. *See Jordan v. Nat'l Accident Ins. Underwriters Inc.*, 922 F.2d 732, 735 (11th Cir. 1991). Voll, an engineer, testified that the retaining wall lacked reinforcing steel, as required by a local building code, and could not withstand the pressure created by groundwater that had accumulated during a heavy rainfall. Voll also testified that a French drain installed alongside the retaining wall failed to disperse the groundwater because the drain had been covered with clay soil instead of gravel. Although the Nixes argued that the main line water pipe burst and caused the retaining wall to collapse, they based that argument on the opinions of Terry Nix and a contractor who made temporary repairs to the wall, and those opinions were not admissible as lay testimony. Neither Nix nor the contractor witnessed the wall collapse or had personal knowledge about the construction of the Nixes' home. *See* FED. R. EVID. 701. Because the collapse of the retaining wall was attributable to causes excluded from coverage under the Nixes' insurance policy, State Farm did not breach its contract with or owe a duty to further investigate or to pay the claim filed by the Nixes.

*Nix*, 444 F. App'x at 390.

Cases that were decided after *Nix* by courts that applied Alabama law have cited to that case to exclude lay witness testimony that was introduced to prove causation. The Court will discuss those cases in chronological order.

In *McPherson v. Allstate Indemnity Co.*, Civ. Act. No. 3:11cv638-WHA(wo), 2012 U.S. Dist. LEXIS 58557, 2012 WL 1448049 (M.D. Ala. Apr. 26, 2012), the cause of a fire that

destroyed a dwelling was contested and was before the district court on cross-motions for summary judgment.  The insurance company's expert opined the cause of the fire was incendiary.  *Id*., 2012 U.S. Dist. LEXIS 58557, at *5-6, 2012 WL 1448049, at *2-3.  In response, the McPhersons submitted an affidavit from their nephew, who was the caretaker of the property at issue but did not live there, in which he recalled "several occasions where gas was inadvertently spilled on the interior floors at the property," "gasoline was used to cleans stains and blemishes off the vinyl flooring throughout the property," and when he was notified of the fire, he drove to the property and observed lightning while he drove to, and when arrived at, the property.  *Id*., 2012 U.S. Dist. LEXIS 58557, at *7, 2012 WL 1448049, at *3.  The district court concluded the McPhersons's evidence was insufficient to create a question of fact as to the cause of the fire because they were obliged to "do more than show that there is some metaphysical doubt as to material facts."  *Id*., 2012 U.S. Dist. LEXIS 58557, at *23, 2012 WL 1448049, at *8 (internal quotation marks and citation omitted).

In *Ware v. National Insurance Co.*, Civ. Act. No. 7:11-cv-4272-LSC, 2013 U.S. Dist. LEXIS 52641, 2013 WL 1680514 (N.D. Ala. 2013 Apr. 12, 2013), the cause of water damage to a home was contested and was before the district court on the insurance company's motion for summary judgment.  The insurance company argued the damage was excluded from policy coverage and offered evidence, including expert testimony, that showed the damage was the result of ground water accumulation, which was not covered.  *Id.*, 2013 U.S. Dist. LEXIS 52641, at *14-15, 2013 WL 1680514, at *5.  The Wares submitted testimony from the original installer of their roof to support their claim that the damage was caused by a leaking roof and heavy rains, but the district court did not allow the testimony insofar as it offered expert opinion because it was not properly disclosed.  *Id.*, 2013 U.S. Dist. LEXIS 52641, at *8-12, 2013 WL 1680514, at *3-5.  The

district court allowed portions of the installer's testimony insofar as it was admissible for a lay witness but found it had little probative value because he did not possess first-hand knowledge of the damage to the roof and water damage to the home, which was supported by the *Nix* decision. *Id*.

In *Johnson v. State Farm Fire and Casualty Co.*, Civ. Act. No. 12-00534-N, 2013 U.S. Dist. LEXIS 123525, 2013 WL 4607548 (S.D. Ala. Aug. 29, 2013), the cause of water damage to a home was contested and was before the district court on the insurance company's motion for summary judgment. The insurance company argued the damage was excluded from policy coverage and offered evidence, including expert testimony, that showed the damage was the result of surface water runoff, which was not covered. *Id.*, 2013 U.S. Dist. LEXIS 123525, at *30-31, 2013 WL 4607548, at *9. The Johnsons submitted lay witness accounts to show there was a pinhole leak in a pipe under their house that, at least in part, caused the water damage, but the district court found, while the testimony was from witnesses who either personally spotted or repaired the leak, the testimony could not be used to show the leak, in fact, caused the water damage. *Id.* 2013 U.S. Dist. LEXIS 123525, at *32, *41-42, 2013 WL 4607548, at *9, *12.

In *Brown v. State Farm Fire and Casualty Co.*, 358 F. Supp. 3d 1265 (N.D. Ala. 2018), the cause of the failure of a concrete basement wall was at issue and before the district court on the insurance company's motion for summary judgment. The insurance company argued the failure was excluded from policy coverage and offered expert testimony that showed the failure was the result of hydrostatic pressure. *Id.* at 1268-69. The Browns submitted lay witness testimony to show the failure was caused by a nearby lightning strike, but the district court only allowed the testimony insofar as it reflected their observations and first-hand knowledge of the failure, none of which saw a lightning strike cause the damage, then found "lay testimony is inadmissible to

establish causation." *Id.* at 1272-74.

However, in *Greater Hall Temple Church of God v. Southern Mutual Church Insurance Co.*, 820 F. App'x 915 (11th Cir. 2020) [hereinafter *Greater Hall*], a case in which Georgia, and not Alabama, law was at issue, the decision of the district court to grant the insurance company's motion for summary judgment was before the Eleventh Circuit. The underlying issue in the matter was what caused damage to a church roof. *Id.* at 916-18. The Eleventh Circuit summarized the district court's decision:

> First, the district court held that the meaning of the term "surface water" – which Greater Hall's insurance contract specifically excludes from coverage-should be interpreted to include rainwater that collects on a roof. Therefore, the court reasoned, "Greater Hall's claim fails because the Policy does not insure the church for damage caused by surface water, which is what Plaintiff alleges here." Second, and separately, the court held that "[e]ven if [it] did not adopt this definition, Greater Hall's claim would still fail" because "Greater Hall was presented no admissible evidence [that] damage to the church's roof [was] caused by [Hurricane Matthew]."

*Greater Hall*, 820 F. App'x at 917-18.

The Eleventh Circuit found the district court construed Greater Hall's claims too narrowly and, when properly construed, Greater Hall's claims were covered under the insurance policy. *Id.* at 920-21. The Eleventh Circuit then stated, since the damage as alleged was covered, the inquiry became whether Greater Hall produced sufficient evidence to support its allegations to survive summary judgment and, since all of Greater Hall's expert witnesses had been excluded, whether expert testimony was required to prove the cause of the damage. *Id.* at 921-22. As to that inquiry, the Eleventh Circuit treated it as a question of state law, since the district court treated the issue as such and neither party challenged that determination on appeal, *id.* at 922 (citing *Bahamas Sales Assoc., LLC v. Byers*, 702 F.3d 1335, 1342 (11th Cir. 2012)), then determined, under Georgia law, "expert testimony is not necessarily required to prove causation in the insurance-contract context,

and that-even in the face of admissible expert testimony from the defendant-the plaintiff may satisfy its burden of proof with circumstantial lay testimony." *Id.*

Despite Greater Hall's lack of admissible expert testimony to support its claim and the fact that none of its lay witnesses saw the hurricane cause the damage, the Eleventh Circuit found Greater Hall provided enough circumstantial evidence, based on lay witness testimony, for a jury to conclude the hurricane caused the damage. *Id.* Such circumstantial evidence included testimony from the church's pastor about the church's condition after the hurricane, testimony from the constructor of the church's roof about the condition of the roof from before and after the hurricane, and testimony from another lay witness about the condition of the church a few days after the hurricane. *Id.*

After the Eleventh Circuit found Greater Hall presented sufficient circumstantial evidence to survive summary judgment, it then addressed Southern Mutual's argument that Greater Hall was required to prove causation through expert testimony:

> Southern Mutual, like the district court, relies heavily on our unpublished decision in *Nix v. State Farm Fire & Casualty Company*, which it claims stands for the proposition that "proving causation requires expert testimony." Br. Of Appellee at 26 (citing *Nix*, 444 F. App'x at 390). There are a couple of problems with Southern Mutual's reliance on *Nix*. First, *Nix* dealt with Alabama-not Georgia-law. *Nix*, 444 F. App'x at 389. Second, we don't think that *Nix* should be read as *requiring* expert testimony to prove causation. Although the *Nix* Court granted summary judgment for the defendant in that case-and held that the defendant's expert provided "uncontroverted evidence" showing that the basement wall at issue collapsed because it was not properly designed-it suggested that the plaintiff could have survived summary judgment through lay witness testimony, so long as the witness "had personal knowledge about the construction of the [plaintiff's] home." *Id.* at 390. Applying that principle here, Greater Hall survives summary judgment through the lay-witness testimony of Alfred Teston, who personally constructed the church roof at issue.

*Greater Hall*, 820 F. App'x at 923 (emphasis in original).

State Farm argues *Greater Hall* is distinguishable from *Nix* because *Nix* was a case that

was decided under Alabama, as opposed to Georgia, law and the court emphasized the testimony of the constructor of the church's roof was important to survive summary judgment. Doc. 38 at 5. However, in *Nix*, the Eleventh Circuit did not discuss whether Alabama law requires expert testimony to prove causation, unlike its discussion of Georgia law in *Greater Hall*, and State Farm does not cite to Alabama substantive law that states such. *See Nix*, 444 F. App'x at 390. Importantly, in *Nix,* the Eleventh Circuit based its decision to disregard the Nixes's proffered lay witness testimony to prove causation on Fed. R. Evid. 701 since the witnesses neither witnessed the damage nor had personal knowledge about the construction of the damaged area. *See id.*

Here, Plaintiff was present in the Property immediately before, during, and after the hurricane and provides testimony about the damage that she observed as well as submits photographs of the damage that she observed. Further, Wright observed limited areas of the Property within a few months of the hurricane and again more extensively observed the Property approximately one week after the hurricane. Taken together, the Court finds Plaintiff's proffered lay witness testimony provides sufficient circumstantial evidence to show the hurricane caused her alleged damages and from which a jury could find in her favor.

While State Farm supplements its argument that lay witness testimony cannot be used to prove causation a recent decision from this judicial district. In *Hickey v. State Farm Fire and Casualty Co.*, Civ. Act. No. 1:22-cv-00159-N (S.D. Ala. May 30, 2023)[3], the court relied on *Brown*, did not address the Eleventh Circuit's reasoning in *Greater Hall*, the proffered lay witness testimony at issue was from a disqualified expert who did not inspect the damaged property until months later, and Hickey did not offer lay witness testimony from someone who witnessed damage to the property. *See* Doc. 45.

---

[3] This opinion was issued by another judge from this judicial district.

As to State Farm's argument that Plaintiff has not presented expert testimony to show the repairs that were performed to the Property were necessary and the repair costs were reasonable, the Court finds expert testimony is not required and Plaintiff has submitted sufficient evidence that a jury could award damages that are reasonably certain.

> Damages for breach of contract """"should return the injured party to the position he would have been in had the contract been fully performed.""""" *Parsons v. Aaron*, 849 So. 2d 932, 949 (Ala. 2002) (quoting other cases). Although they need not be proved to a mathematical certainty, "damages [for breach of contract] may not be awarded where they are remote or speculative. A jury must have some reasonable basis for the amount of its award." *Parsons*, 849 So. 2d at 949. *See also Ricwil, Inc. v. S.L. Pappas & Co.*, 599 So. 2d 1126, 1132 (Ala. 1992).
>
>> "It is true that damages may be awarded only where they are reasonably certain. Damages may not be based upon speculation. *Industrial Chemical & Fiberglass Corp. v. Chandler*, 547 So. 2d 812 (Ala. 1988); *see also Alabama Power service Commission*, 267 Ala. 474, 103 So. 2d 14 (1958). . . . [The plaintiff] 'must produce evidence tending to show the extent of damages as a matter of just and reasonable inference.' C. Gamble, Alabama Law of Damages § 7-1 (2d ed. 1988), as cited in *Industrial Chemical, supra*, at 820. The rule that one cannot recover uncertain damages relates to the nature of the damages, and not to their extent. If the damage or loss or harm suffered is certain, the fact that the extent is uncertain does not prevent a recovery. *Story Parchment CO. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 51 S. Ct. 248, 75 L. Ed. 544 (1931); *see also Shook Vertagreen Credit Union*, 460 So. 2d 1343 (Ala. Civ. App. 1984)."
>
> *Jamison, Money, Farmer & Co. v. Standeffer*, 678 So. 2d 1061, 1067 (Ala. 1996). *See also Birmingham News Co. v. Horn*, 901 So. 2d 27, 65 (Ala. 2004) (damages for lost profits based upon tort claim are recoverable if proved with reasonable certainty).

*Systrends, Inc. v. Group 8760, LLC*, 959 So. 2d 1052, 1075-76 (Ala. 2006) (alterations in original).

Here, Plaintiff submits numerous photographs of the damage that she observed in her home after the event at issue, numerous checks for work that was performed to repair the damage to Plaintiff's home, her testimony, and the testimony of Wright, who retained the service of the repair workers and procured supplies.

## V. CONCLUSION

Accordingly, State Farm Fire and Casualty Company's Motion for Summary Judgment (Doc. 32) is **DENIED**.

**DONE** and **ORDERED** this 1st day of September 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE